**Donald J. WILLY, Plaintiff–Appellant,**

v.

**The COASTAL CORPORATION, et al., Defendants–Appellees.**

**No. 90–2097**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 26, 1990.

Rehearing and Rehearing En Banc Denied Nov. 27, 1990.

Michael A. Maness, Houston, Tex., for plaintiff-appellant.

Robert C. DeMoss, James L. Reed, Jr., Looper, Reed, Ewing & McGraw, J. Richard Hammett, Verner, Liipfert, Bernhard,

McPherson & Hand, Houston, Tex., for Coastal Corp., et al.

Before KING, GARWOOD, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

The appellant Donald Willy challenges the district court's imposition of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Willy contends the district court lacked jurisdiction to impose these sanctions, and that they are excessive and unreasonable. Finding no merit in these contentions, we affirm.

*Facts and Proceedings Below*

Willy, a Houston attorney, filed suit in state court against Coastal, his former employer, alleging that his discharge was in violation of Texas law prohibiting retaliatory firing. Coastal removed asserting that federal employment statutes constituted an essential element of Willy's claim. Willy moved to remand, challenging the basis for federal question jurisdiction. In response to Coastal's 12(b)(6) motion to dismiss the case, Willy filed a 110–page motion for summary judgment and submitted 1200 pages of unindexed, unorganized supporting material. After two separate hearings, the district court granted Coastal's 12(b)(6) motion for dismissal of the federal claims, dismissed the state law claims for lack of pendant jurisdiction, and granted Coastal's motion for Rule 11 sanctions against Willy and his attorney.

On appeal, this court ruled that the suit was improvidently removed and remanded the matter to the state court in which the action was initially filed.[1] However, we affirmed the award of Rule 11 sanctions and remanded the case to the district court for further proceedings in accordance with this court's intervening decision in *Thomas v. Capital Security Services, Inc.,* 836 F.2d 866 (5th Cir.1988) (en banc).[2]

On remand, the district court concluded that Willy and his attorney should be assessed $19,307 in Rule 11 sanctions.[3] The district court further ruled that Coastal and the other defendants had repeatedly notified Willy and his attorney of their transgression to no avail. Willy filed a Rule 59 motion for relief from this judgment, which was denied. This appeal followed.

*Rule 11 Jurisdiction*

Willy contends that because the district court lacked subject matter jurisdiction over the merits of his claim, it was similarly without jurisdiction to impose Rule 11 sanctions. He argues that Rule 11 does not confer its own jurisdiction, and federal courts possess no "inherent power" to impose sanctions when subject matter jurisdiction is lacking. We reject this argument.

As the appellant correctly notes, constitutional limitations on the exercise of federal jurisdiction can be neither "disregarded nor evaded." *Owen Equipment and Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978). However, federal courts are entitled to exercise inherent powers, those considered "necessary to the exercise of all others." *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980), citing *United States v. Hudson,* 7 Cranch 32, 34, 3 L.Ed. 259 (1812). We believe the imposition of Rule 11 sanctions, consistent with Congress' intent to stream-

---

1. *See, Willy v. Coastal Corp.,* 855 F.2d 1160 (5th Cir.1988) (*Willy I*).

2. This court concluded that remand was necessary because it could not discern the basis upon which the district court had calculated the appropriate amount of sanctions.

3. These sanctions were imposed for the filing of misleading and ill founded pleadings, the use of the discovery process to harass opposing parties, repeated references to non-existent disciplinary and evidentiary rules, baseless allegations of conflicts of interest, and the filing of the infamous 110–page summary judgment motion

line the administration of federal justice,[4] constitutes such an inherent power.

Although the appellant maintains that Rule 11 jurisdiction is dependent on subject matter jurisdiction, the Supreme Court in *Cooter & Gell v. Hartmarx Corp.*, — U.S. —, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), the seminal case on Rule 11 sanctions, teaches otherwise. Characterizing the decision to sanction as a collateral one, the court concluded:

> Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and if so, what sanction would be appropriate.

*Id.* 110 S.Ct. at 2456.[5]

■ This circuit and others have recognized that to effectuate the goals of Rule 11, a district court must possess the authority to impose sanctions irrespective of the existence of subject matter jurisdiction. In *Vatican Shrimp Co. v. Solis*, 820 F.2d 674 (5th Cir.), *cert. den.* 484 U.S. 953, 108 S.Ct. 345, 98 L.Ed.2d 371 (1987) and *News–Texan, Inc. v. Garland*, 814 F.2d 216 (5th Cir.1987), both involving improvidently removed suits, this court concluded that review of Rule 11 sanctions was available even when the district court which imposed

them was without subject matter jurisdiction.[6]

■ The appellant attempts to distinguish these cases on the basis that the sanctioned parties in each were attempting to *invoke* rather than *resist* federal jurisdiction. We find no merit in this distinction. Willy and his attorney were sanctioned for objectionable conduct which was independent of his jurisdictional posture in the case. Willy was entitled to contest removal jurisdiction to the extent a reasonable interpretation of the law allowed such a contest. However, this right did not include the authority to file misleading or incomprehensible pleadings, to use the discovery process for harassment, or to level frivolous allegations of conflicts of interest.[7] To effectuate the goals of deterrence and punishment, Rule 11 must embrace the conduct of those who resist, as well as those who invoke, federal jurisdiction.

Other circuits have adopted a similar view. In *Wojan v. General Motors Corp.*, 851 F.2d 969 (7th Cir.1988), the plaintiff invoked diversity jurisdiction. The defendant admitted diversity of citizenship in its early pleadings, but five years later asserted that diversity was lacking. After the action was dismissed, the district court concluded it had no jurisdiction to impose Rule 11 sanctions.[8] The Seventh Circuit re-

---

accompanied by reams of irrelevant and unorganized material.

4. See, Schwarzer, Sanctions Under the New Federal Rule 11—A Closer Look, 104 F.R.D. 181 (1985).

5. In *Cooter & Gell*, the specific question addressed by the court was whether voluntary dismissal under Fed.Rule.Civ.Pro. 41(a), after the filing of the offending pleading, deprived the district court of the authority to impose Rule 11 sanctions. We find, however, the court's discussion of the collateral character of Rule 11 orders applicable in this context as well.

6. As the appellant correctly notes, both *Vatican Shrimp* and *News–Texan* addressed the jurisdiction of the appellate court to review sanctions imposed by a district court lacking subject matter jurisdiction. Although these opinions do not expressly address the propriety of the district court's Rule 11 jurisdiction, this conclusion is implicit in their broader holding.

7. We are similarly unmoved by Willy's suggestion that any injury suffered by Coastal is the result of Coastal's decision to seek removal of this action. Essentially, Willy argues that if Coastal had not removed the case, Willy would not have had to file the offending pleadings. The district court's denial of the motion to remand indicates that there was at least a colorable basis upon which Coastal could have sought removal. We refuse to find that Coastal's good faith efforts "caused" Willy and his attorney to engage in sanctionable conduct.

8. The district court based its ruling on a case from this circuit, *Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148 (5th Cir.1985), *affirmed*, 817 F.2d 307 (5th Cir.1987), *reversed on other grounds*, 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988). In that case, this court vacated a district court's Rule 11 order based upon its determination that the district court lacked subject matter jurisdiction. Although the Seventh Circuit in *Wojan* criticized this case without attempting to distinguish it, the distinc-

versed, concluding that the district court "[confused] subject matter jurisdiction with the court's inherent 'power' to engage in those judicial acts attendant to the presence of a live controversy before the court." *Id.* at 972.

In *Orange Production Credit Assoc. v. Frontline Ventures, Ltd.,* 792 F.2d 797 (9th Cir.1986), the plaintiff filed a complaint in federal court lacking a factual basis for subject matter jurisdiction. The Ninth Circuit upheld the district court's Rule 11 order ruling that "[t]he fact that the district court lacked jurisdiction to consider the merits of the case did not preclude it from imposing sanctions." *Id.* at 801, citing *Trohimovich v. Commissioner,* 776 F.2d 873, 875 (9th Cir.1985). *See also, Szabo Food Service Inc. v. Canteen Corp.,* 823 F.2d 1073, 1077 (7th Cir.1987.) We reaffirm our conclusion in *Willy I* that the district court had jurisdiction to impose Rule 11 sanctions upon Willy and his attorney.

*The* Thomas *Formula*

Under the "law of the case" doctrine, a legal decision by this court is binding upon both district and appellate courts in all subsequent proceedings in the same case unless that decision is clearly erroneous. *Schexnider v. McDermott International, Inc.,* 868 F.2d 717 (5th Cir.1989); *White v. Murtha,* 377 F.2d 428, 431–32 (5th Cir.1967). Finding no clear error, we are bound by our prior decision affirming the district court's award of sanctions against both Willy and his attorney. Our review is limited to the amount of sanctions imposed under the *Thomas* criteria. We review the district court's calculations for an abuse of discretion. *Cooter & Gell,* 110 S.Ct. at 2461.

The district court has broad discretion in imposing sanctions reasonably tailored to further the objectives of the rule. *Thomas,* 836 F.2d at 876–78. "Rea-

sonableness" within the context of Rule 11 "must be considered in tandem with the rule's goals of deterrence, punishment, and compensation." *Id.* at 879. Additionally, the court must consider "the extent to which the nonviolating party's expenses and fees could have been avoided or were self-imposed." *Id.*

On remand, the district court examined both the causal relationship between Willy's conduct and the fees incurred by Coastal, as well as the amount of sanctions imposed. It found that Willy had filed confusing, misleading, and ill-founded pleadings (including the 110–page summary judgment motion), asserted a baseless conflict of interest allegation, and repeatedly misquoted Texas disciplinary and evidentiary rules. The court also found that Willy had asserted baseless RICO claims against eighty Coastal officers and employees and threatened to depose each of them in an effort to harass Coastal. The court recognized Coastal's repeated efforts, in open court and in private communications, to advise Willy and his attorney of these violations and mitigate its own expenses.

As the Supreme Court has noted, a district court is in the best position to "marshall the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11." *Cooter & Gell,* 110 S.Ct. at 2459. Our review of the record discloses ample support for the district court's conclusions. We find no abuse of discretion in the amount of sanction imposed against Willy and his attorney.

*Conclusion*

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

tion is easily made. In *Chick Kam Choo,* the plaintiffs filed a wrongful death claim in federal court, which was dismissed with prejudice for failure to state a cause of action. The plaintiffs then filed a nearly identical suit in Texas state court, which the defendants removed based on diversity. The district court granted the defendants' motion to dismiss on the basis of *res*

*judicata* and imposed Rule 11 sanctions. This court vacated the award of sanctions because the offending conduct occurred in Texas *state* court rather than federal court. Instead of expressing an opinion on the authority of a district court to regulate conduct in its *own* arena, this decision merely prohibits the use of Rule 11 to regulate *state* court activities.