United States Court of Appeals,

Fifth Circuit.

No. 93-3317

Summary Calendar.

Nicolas ESTIVERNE, Plaintiff-Appellant,

v.

SAK'S FIFTH AVENUE and JBS, Defendants-Appellees.

Dec. 28, 1993.

Appeals from the United States District Court for the Eastern District of Louisiana.

Before DAVIS, JONES and DUHÉ, Circuit Judges.

PER CURIAM:

Appellant, Nicolas Estiverne, appeals from the district court's grant of summary judgment for the Defendants, Sak's Fifth Avenue and JBS, Inc., and the imposition of Rule 11 sanctions. Estiverne sued Defendants for discrimination under 42 U.S.C. § 2000a and invasion of privacy when Sak's declined to honor a check written by Estiverne.

FACTS

On November 26, 1991, Nicolas Estiverne and his secretary went to Sak's Fifth Avenue in New Orleans to purchase a watch. After selecting a watch, Estiverne realized that he had left his checkbook at his office. After returning to his office, Estiverne gave his secretary a signed check, together with a credit card and his driver's license, to return to the store to pay for the watch. After receiving the check, the Sak's salesclerk, in accordance with standard policy, submitted it to JBS for approval. Sak's declined to honor the check after JBS refused to approve it. Estiverne sued both JBS and Sak's alleging that his check was not accepted because he is black. He also alleged that Sak's and JBS's inquiry into his credit information was an invasion of privacy. The district court granted summary judgment for Defendants and imposed Rule 11 sanctions against Estiverne totaling more than $15,000. Estiverne appeals.

DISCUSSION

# I.

There is no genuine issue of material fact in dispute in this case. The only issue as to summary judgment Estiverne raises on appeal is whether the district court correctly applied the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681t, specifically §§ 1681a(d) and 1681b(3)(E). The district court held that JBS's reports were consumer reports under § 1681a(d) and that Sak's had a "legitimate business need" under 15 U.S.C. § 1681b(3)(E) for the reports for the purpose of deciding whether to accept or reject Estiverne's check. Estiverne argues that paying by check is not a business transaction that authorizes Sak's to obtain a credit history report under the FCRA because he made no application for credit.

This is an issue of first impression for this Court. Section 1681a(d) provides that a consumer report is:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for ... (3) other purposes authorized under § 1681b of this title.

Section 1681b(3)(E) states that one of the authorized purposes for disclosure of consumer information is "a legitimate business need for the information in connection with a business transaction involving the consumer."

The Federal Trade Commission ("FTC") is the agency empowered to administer and enforce the FCRA. 15 U.S.C. § 1681s(a). In accordance with this power, the FTC has issued commentary and interpretative readings of the act. *See* 16 C.F.R. § 600 app. (1993). While the commentaries and opinions of the FTC are not law, *see id.,* the Supreme Court has stated that when Congress has not addressed the precise issue,

> the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 843, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984) (footnote omitted). The Supreme Court has long recognized that an agency's interpretation of a statute it is entrusted to administer should be given "considerable weight"

and should not be disturbed unless it appears from the statute or legislative history that Congress intended otherwise. *Id.*

The FTC has interpreted the definition of consumer report to include lists devised to inform merchants about consumers who have had checks previously dishonored. The FTC stated in its commentary:

> *Bad check lists.* A report indicating that an individual has issued bad checks, provided by printed list or otherwise, to a business for use in determining whether to accept consumers' checks tendered in transactions primarily for personal, family or household purposes, is a consumer report. The information furnished bears on consumers' character, general reputation and personal characteristics, and it is used or expected to be used in connection with business transactions involving consumers.

16 C.F.R. § 600 app.; *see also In re Howard Enters.,* 93 F.T.C. 909 (1979). Elsewhere in the commentary, the FTC explained that under § 1681b(3)(E) "a party has a permissible purpose to obtain a consumer report on a consumer for use in connection with some action the consumer takes from which he or she might expect to receive a benefit.... For example, a consumer report may be obtained on a consumer who ... offers to pay for goods with a check...." 16 C.F.R. § 600 app.

We defer to the FTC's interpretation of the statute and hold that JBS's reports fall squarely within the definition of a consumer report and that Sak's obtaining of this report for the purpose of deciding whether to accept or reject a check in payment is a "legitimate business need." This holding is also in accord with results reached by other courts that have addressed this issue. *See Greenway v. Information Dynamics, Ltd.,* 399 F.Supp. 1092 (D.Ariz.1974) (holding that lists with check cashing history of potential customers is a consumer report under the FCRA), *aff'd,* 524 F.2d 1145 (9th Cir.1975), *cert. dismissed,* 424 U.S. 936, 96 S.Ct. 1153, 47 L.Ed.2d 344 (1976); *Peasley v. Telecheck of Kansas, Inc.,* 6 Kan.App.2d 990, 637 P.2d 437 (1981) (holding that check approval system is a consumer report under Kansas statute that is modeled after the FCRA). Accordingly, the district court did not err in granting summary judgment for JBS and Sak's.

II.

Estiverne does not contest the imposition of Rule 11 sanctions; rather, he contends that sanctions totaling more than $15,000 are unreasonable. We review a district court's calculation of sanctions for an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct.

2447, 2461, 110 L.Ed.2d 359 (1990).

The district court has broad discretion in imposing sanctions reasonably tailored to further the objectives of Rule 11. *Willy v. Coastal Corp.,* 915 F.2d 965, 968 (5th Cir.1990), *aff'd,* --- U.S. ----, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992). Reasonableness "must be considered in tandem with the rule's goals of deterrence, punishment, and compensation." *Thomas v. Capital Sec. Servs., Inc.,* 836 F.2d 866, 879 (5th Cir.1988) (en banc). Additionally, we must consider "the extent to which the nonviolating party's expenses and fees could have been avoided or were self-imposed." *Id.*

The district court adopted the amounts found by the magistrate judge as the proper sanctions in line with the objectives of Rule 11. It represented less than the attorneys fees and expenses incurred by Defendants. Estiverne failed to produce any evidence to support his allegations that his check was refused because of his race. The facts alleged in his complaint were misleading and factually incorrect. The district court explained that it was not until discovery was complete that Defendants knew of the lack of actual support for Estiverne's allegations. The district court found that Defendants fulfilled their duty of promptly disposing of the case through a motion for summary judgment. Estiverne failed to introduce any evidence at the hearing before the magistrate judge, or on a motion objecting to the magistrate judge's finding, for his contention that sanctions would result in financial hardship to his solo practice. Our review of the record discloses ample support for the district court's findings, and accordingly, we find no abuse of discretion in the amount of sanctions imposed against Estiverne.

## III.

Invoking Federal Rule of Appellate Procedure 38, Sak's seeks sanctions against Estiverne for filing a frivolous appeal. Sanctions are inappropriate if the issue is one of first impression. *Ehm v. Amtrak Bd. of Directors,* 780 F.2d 516, 518 (5th Cir.1986). Because the issue regarding the FCRA was novel to this Court, we decline to impose sanctions on appeal.

## CONCLUSION

For the foregoing reasons, the district court's grant of summary judgment for Defendants and imposition of Rule 11 sanctions against Estiverne is AFFIRMED.