Mary A. Moore
My Commission expires: 2-4-85 NOTARY PUBLIC

STATE OF MISSISSIPPI, Copiah County
 I, Lawrence E. Hood, Chancery Clerk do hereby certify that this instrument was filed for record on the
__21__ day of___Aug___19 81 at 3:30 o'clock M., and duly recorded in Book 10 K
on page 617 of the records of this office. Given under my hand and Official Seal this the 31
day of___Aug__19 Lawrence E. Hood Clerk
 LAWRENCE E. HOOD
 Margaret Hewitt D C

M. Beacham TAYLOR, Plaintiffs,

v.

Civil Action No. 3:92–cv–523WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

Aug. 14, 1995.

M. Beacham Taylor, Georgetown, MS, Pro se.

James W. Henley, Henley, Lotterhos & Henley, Hazlehurst, MS, Ross E. Henley, Henley, Lotterhos & Henley, Jackson, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is the motion of the defendants for attorney fees brought pursuant to Rule 11 [1] of the Federal Rules of Civil

---

1. Until December 1, 1993, Rule 11 of the Federal Rules of Civil Procedure provided that "[e]very pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper and state the party's address.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose,

Procedure. Rule 11 of the Federal Rules of Civil Procedure was substantially amended on December 1, 1993, but, inasmuch as the matters pertaining to the instant lawsuit took place before that date,[2] the newly amended version of Rule 11 is not applicable here. *See Childs v. State Farm Mutual Automobile Insurance Company*, 29 F.3d 1018 (5th Cir.1994). This court's thorough statement of the facts of this case is set forth in this court's Memorandum Opinion and Order dated March 30, 1994. Thus, the facts set forth in the present order are only those which apply to the matter of attorney fees.

### PERTINENT FACTS

On August 31, 1992, the plaintiff filed a complaint asserting that the defendants unconstitutionally took real property from him without benefit of due process and that these takings were occasioned on account of plaintiff's race, which is black. The defendants filed their answer and discovery ensued. Then, on March 28, 1993, the plaintiff mailed to the defendants a letter accompanied by an unsigned order wherein the plaintiff claimed that he would bring before this court a motion for preliminary injunction on April 6, 1993 at 9:00 A.M. No motion for such injunctive relief was filed with the Clerk of the court and no hearing on the matter was scheduled. The defendants contacted this court on April 1, 1993, to inquire about the purported hearing date and were assured that no such hearing had been set. Meanwhile, out of an abundance of caution, the defendants responded to the "motion" of the plaintiff for injunctive relief on April 5, 1993, notwithstanding that no formal motion was before this court. The defendants' response submitted several reasons for denying said "motion" and requested attorney fees. According to an attached certification, the defendants delivered a copy of this response by mail to the plaintiff. On July 7, 1993, this court entered an order directing the plaintiff

to submit his motion for injunctive relief in accordance with Rule 8 of the Uniform Rules of this court if he still desired to seek that relief. The plaintiff never responded to this directive.

Meanwhile, the defendants filed a motion for summary judgment on July 28, 1993, opposing all of the plaintiff's claims on the merits; contending that all of plaintiff's claims were barred by the applicable statute of limitations; and requesting to be heard on the issue of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. The attached certification says that this motion was mailed to one Charles E. Miller, purportedly the newly retained attorney for the plaintiff.[3] However, the response to the defendants' motion for summary judgment was submitted and signed by the plaintiff, M. Beacham Taylor. In his response to the defendants' motion for attorney fees, the plaintiff does not contend that he did not receive either the defendants' response to the plaintiff's "motion" for injunctive relief or the defendants' motion for summary judgment. While both of these pleadings contained requests for attorney fees, the motion for summary judgment made clear that the defendants would seek sanctions in the form of attorney fees pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Then, on February 8, 1994, at a hearing originally set for disposition of the defendants' motion for summary judgment, the plaintiff appeared and reported to this court that he had been unable to retain counsel. This court gave the plaintiff additional time to find and retain counsel, but the plaintiff was unable to secure the services of an attorney. On March 14, 1994, at a rescheduled hearing on the motion of the defendants for summary judgment, this court ruled in favor of the defendants. This court found, among other things, that the controlling statute of limitations for each of plaintiff's constitution-

---

such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading ... is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, ..., an appropriate sanction, which may include an order to pay to the other party ... the amount of reasonable expenses ..., including a reasonable attorney's fee."

2. Each claim asserted by the plaintiff in this case accrued prior to August 31, 1989.

3. The record reveals no entry of appearance by Charles E. Miller as counsel for the plaintiff. However, on August 9, 1993, Charles E. Miller filed with this court a motion to withdraw as counsel. This motion eventually was dismissed as moot by the United States Magistrate Judge.

al claims was the Mississippi residual statute of limitations found in Miss.Code Ann. § 15–1–49. *See Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). That statute provides that an action must be brought within three years of a cause of action accruing. Thus, because the complaint was filed on August 31, 1992, and each of the constitutional claims asserted by the plaintiff accrued before August 31, 1989, this court concluded that all of the plaintiff's constitutional claims were time-barred.

Additionally, this court found that the plaintiff's allegation that the defendants had engaged in an unconstitutional taking of the plaintiff's real property was completely without factual foundation.[4] This court further found no basis for a constitutional claim against the County Surveyor for his actions in conducting a survey and reporting the results. This court additionally found that the plaintiff's claim that County maintenance activities damaged his property along Triplett Road and Berry Lane did not give rise to any constitutional taking claim, but properly should have been asserted as a trespass action in state court. Finally, this court concluded that the plaintiff failed to allege facts sufficient to support a claim for an equal protection violation under the Fourteenth Amendment to the United States Constitution, or a claim of discrimination against any of the defendants. This court's opinion was entered on March 30, 1994 and was affirmed by order of the United States Court of Appeals for the Fifth Circuit on March 21, 1995. The order was filed in this court on April 14, 1995, and this court now undertakes to address the matter of the defendants' motion for attorney fees.

### *PREREQUISITES FOR SANCTIONS PURSUANT TO RULE 11*

Rule 11 was originally enacted in 1938 to curb tendencies toward untruthfulness in pressing a client's suit. Georgene M. Vairo, *Rule 11: A Critical Analysis,* 118 F.R.D. 189, 190 (1988). Despite this laudable goal, Rule 11 was largely ignored. *Id.* This changed in 1983, though, when growing concern over misuse and abuse of the litigation process prompted amendments to Rule 11. These amendments were designed to "reduce the reluctance of courts to impose sanctions by emphasizing the responsibilities of attorneys and reinforcing those obligations through the imposition of sanctions." *Thomas v. Capital Security Services, Inc.,* 836 F.2d 866, 870 (5th Cir.1988) (en banc).

■ The clear language of that version of Rule 11 prior to December 1, 1993, states that if a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction. *See Pavelic & LeFlore v. Marvel Entertainment Group,* 493 U.S. 120, 124, 110 S.Ct. 456, 459, 107 L.Ed.2d 438 (1989) (Rule 11 to be interpreted literally). However, where the violation consists of unreasonably or vexatiously multiplying the litigation, the sanction should reflect only the costs or fees incurred in responding to those proceedings that are found to be unreasonable or vexatious. *See,* for example, 28 U.S.C. § 1927 ("*excess* costs, expenses, attorneys' fees reasonably incurred because of such conduct") (emphasis added); *Topalian v. Ehrman,* 3 F.3d 931, 938 (5th Cir.1993) (holding that the [federal] court should differentiate between the portions of the total sanctions award attributable to each of the respective rule violations). A party seeking sanctions should give notice to the court and the offending party *promptly* upon discovering a basis for doing so. *Thomas,* 836 F.2d at 879.

■ Rule 11 sanction decisions must comport with due process. *Spiller v. Ella Smithers Geriatric Center,* 919 F.2d 339, 346

---

4. One of the plaintiff's claims asserted that the defendants wrongfully obtained from the plaintiff a fee simple interest in a strip of the plaintiff's land pursuant to a deed of conveyance which was represented as a conveyance of a mere easement. However, the defendants agreed that the plaintiff had granted a mere easement for the purpose of a county roadway and further stated that the County had never construed the instrument as a conveyance in fee simple. This court directed that an order be spread upon the land records of Copiah County, Mississippi, clearly reflecting this understanding so that there would be no doubt in the future as to the plaintiff's fee simple title to the disputed property. This was done as directed.

(5th Cir.1990); *Donaldson v. Clark,* 819 F.2d 1551, 1559–60 (11th Cir.1987). This requires notice and an opportunity to be heard before the imposition of Rule 11 sanctions. *Veillon v. Exploration Services, Inc.,* 876 F.2d 1197 (5th Cir.1989); *see also Boddie v. Connecticut,* 401 U.S. 371, 379, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971) (procedural due process ordinarily requires notice and an opportunity to be heard). The requirement of an opportunity to be heard, though, does not require an elaborate or formal hearing. *Spiller,* 919 F.2d at 347. Simply giving the individual accused of a Rule 11 violation a chance to respond through the submission of a brief is usually all that due process requires. *Id.; Veillon,* 876 F.2d at 1202.

Under *Thomas,* once a district court finds a Rule 11 violation, it must impose some sanction. *Thomas,* 836 F.2d at 876; *Willy v. Coastal Corp.,* 855 F.2d 1160, 1172 (5th Cir. 1988). The district court retains broad discretion in fashioning an "appropriate" sanction, *Thomas,* 836 F.2d at 876–77; *Estiverne v. Sak's Fifth Avenue,* 9 F.3d 1171, 1174 (5th Cir.1993). However, that sanction should be the least severe that adequately furthers the purpose of Rule 11. *Akin v. Q–L Investments, Inc.,* 959 F.2d 521 (5th Cir.1992).

▆ Furthermore, Rule 11 in its pre-December 1, 1993, state specifically provides that reasonable and appropriate expenses, including attorney's fees, may be awarded as a sanction to the extent the expenses were reasonably caused by a violation of Rule 11. Actual expenses and attorney's fees are not necessarily reasonable, though, because "[a] party seeking Rule 11 costs and attorney's fees has a duty to mitigate those expenses, by correlating his response, in hours and funds expended, to the merit of the claims." *Thomas,* 836 F.2d at 879. Moreover, the appropriate sanction in a given case may be an award to the adversary of some amount less than all of its reasonable expenses incurred as a result of the violation. *Smith International, Inc. v. Texas Commerce Bank,* 844 F.2d 1193, 1197 (5th Cir.1988).

So, from *Thomas* and the Fifth Circuit's *post-Thomas* cases reviewing sanction orders, the Court in *Topalian v. Ehrman* discerned four factors which a district court's findings must reflect, the specificity of which is calculated according to *Thomas's* "sliding scale," in ordering sanctions:

(1) What conduct is being punished or is sought to be deterred by the sanction? It is axiomatic that the court must announce the sanctionable conduct giving rise to its order.

(2) What expenses or costs were caused by the violation of the rule? The district court must demonstrate some connection between the amount of monetary sanctions it imposes and the sanctionable conduct by the violating party. *See Thomas,* 836 F.2d at 879; *Willy v. Coastal Corp.,* 855 F.2d 1160, 1173 (5th Cir.1988), *appeal after remand,* 915 F.2d 965 (1990); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717 (5th Cir.1974).

(3) Were the costs or expenses "reasonable," as opposed to self-imposed, mitigatable, or the result of delay in seeking court intervention? "A party seeking [costs and fees for defending against frivolous claims] has a duty to mitigate those expenses, by correlating his response, in hours and funds expended, to the merit of the claims," *Thomas,* 836 F.2d at 879, as well as by giving notice to the court and the offending party promptly upon discovering the sanctionable conduct. *See Chapman & Cole v. Itel Container International B.V.,* 865 F.2d 676, 684 (5th Cir.1989). The Court's findings must reflect some consideration of the reasonableness of the nonviolating party's actions in connection with the sanctionable conduct.

(4) Was the sanction the least severe sanction adequate to achieve the purpose of the rule under which it was imposed? In *Boazman v. Economics Laboratory, Inc.,* 537 F.2d 210, 212–213 (5th Cir.1976), followed in *Thomas,* 836 F.2d at 878, we ruled that district courts must demonstrate that sanctions are not vindictive or overly harsh reactions to objectionable conduct, and that the amount and type of sanction was necessary to carry out the purpose of the sanctioning provision. *See also Akin*

*v. Q–L Investments, Inc.,* 959 F.2d 521, 534–535 (5th Cir.1992).

*Topalian,* 3 F.3d at 936–37.

■ The "sliding scale" rule of *Thomas* requires this court to provide factual findings on each of the factors above in order to support any award of sanctions so that, if appealed, the Fifth Circuit will have a basis to review this court's action. *See Batson v. Neal Spelce Associates, Inc.,* 765 F.2d 511, 517 (5th Cir.1985). Rule 11 does not apply to all litigation misconduct but only to the signing of papers served or filed in violation of the Rule, *Robinson v. National Cash Register Co.,* 808 F.2d 1119, 1128 (5th Cir.1987). The party seeking sanctions must show that the non-moving party used abusive tactics, or abused process; or that he pressed litigation merely to harass or needlessly to increase the cost of litigation. *See St. Amant v. Bernard,* 859 F.2d 379, 384 (5th Cir.1988).

### THE DEFENDANTS' RULE 11 MOTION FOR SANCTIONS

In the instant case, the defendants' motion for an award of fees pursuant to Rule 11 attacks specific aspects of the plaintiff's pleadings: (1) his motion for injunctive relief; (2) his claim that a County survey was taken unconstitutionally; (3) that he was unconstitutionally deprived of garbage pick-up services; and (4) that he was denied equal protection. All these claims, say defendants, were frivolous and filed for the purpose of harassment. Thus, the conduct sought to be deterred or punished by the sanction is the filing of frivolous and harassing claims by the plaintiff. The defendants' counsel have submitted time sheets showing that a total of 227 hours was spent on this case. Of this 227 hours, 114 are directly or at least arguably connected to the above listed aspects of this litigation. Counsel for the defendants submit that 11.85 total hours were spent on the matter of the plaintiff's "motion" for injunctive relief and that 58.15 hours were spent on the constitutional issues. Counsel for the defendants seek sanctions based on a lodestar calculation of 70 hours multiplied by an hourly rate of $75.00 for a total award of $5,250.00 reflecting the expenses and costs

caused by the plaintiff's alleged violation of Rule 11.

### ANALYSIS

■ This court finds that the plaintiff violated Rule 11 when he engaged in the pretense of having scheduled a hearing for a preliminary injunction in this court and served papers on the defendants, thereby causing the defendants to believe that it was necessary, out of an abundance of caution, to prepare a response to the plaintiff's purported motion, notwithstanding that said motion was not filed with this court in accordance with the Uniform Local Rules. Furthermore, this court also agrees with the defendants that some of the plaintiff's constitutional claims had no basis in fact or law, particularly his claims that one defendant ran an unconstitutional land survey; that the plaintiff was denied garbage service when there was no showing that he ever actually requested such service; and the claim that the plaintiff was denied equal protection when he could not show what specific legislative or administrative scheme or state promulgated rules were to be the subject of judicial review in the instant case. All these claims caused the defendants to incur additional and unnecessary expenses, including the expenditure of attorney man-hours. Furthermore, the heart of the plaintiff's complaint, a dispute over title to land and a claim of trespass, were matters more properly presented for resolution to the Chancery Court in the County where the plaintiff's property was located.

■ This court is mindful that plaintiff represented himself in this action, but this circumstance is not impenetrable insulation which shields a pro se party from Rule 11 sanctions. *See, Coghlan v. Starkey,* 852 F.2d 806, 816 (5th Cir.1988); *Clark v. Green,* 814 F.2d 221 (5th Cir.1987); *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir. 1986). *Day v. Allstate Insurance Co.,* 788 F.2d 1110 (5th Cir.1986) (upholding an award of $5,000.00 in attorney fees against a pro se litigant). While not held to the same high standard governing the conduct of an attorney-at-law, a pro se party, too, has accountability under Rule 11. *See Farguson v.*

*MBank Houston, N.A.*, 808 F.2d 358 (5th Cir.1986) (where pro se plaintiff made unsupported allegations against various defendants and persisted in his claims despite dismissal, district court awarded sanctions in the amount of $500.00 per defendant brought into court and the Fifth Circuit added $500.00 more in sanctions for bringing a frivolous appeal). On more than one occasion this court implored plaintiff to hire private counsel or at least consult with one to appreciate the breadth and gravity of defendants' claims. After plaintiff appeared perplexed about the operation of the statute of limitations, this court even recessed the hearing on defendants' motion for summary judgment to give plaintiff an opportunity to hire an/or consult with counsel. When the hearing resumed some days later, plaintiff either had not consulted with competent counsel or had and did not understand the advice, because plaintiff had not grown at all in any understanding of his predicament.

Thus, for all the above reasons this court finds that an award of attorney fees as requested by the defendants pursuant to Rule 11 falls within the ambit of what would constitute an appropriate sanction in the instant case. The task at hand then becomes one of determining what amount is reasonable and appropriate under Rule 11.

The Fifth Circuit Court recognized in *Thomas* that, according to the express language of Rule 11, if the award is the reimbursement of an opponent's expenses, those expenses must be both caused by the violation of Rule 11 and reasonable. *Thomas,* 836 F.2d at 878–79. Moreover, the *Thomas* Court instructed that the "reasonableness" finding necessarily embraces an inquiry by the court into the extent to which the non-violating party's expenses and fees could have been avoided or were self-imposed. *Id.* at 879; *Willy v. Coastal Corporation,* 915 F.2d 965, 968 (5th Cir.1990), *aff'd,* 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992). These expenses may be self-imposed if the non-violating party fails to take steps to miti-

gate them. One step that a party seeking sanctions must take is to give notice to the offending party and the court promptly on discovering the violation. *Thomas,* 836 F.2d at 879. The hope is that early notice can deter continuing violations, thereby saving time and judicial resources. *Donaldson v. Clark,* 819 F.2d 1551, 1559–60 (11th Cir. 1987). Failure to give prompt notice of an alleged violation may result in a reduced sanction award. *Thomas,* 836 F.2d at 879. However, this notice can be very informal, in the form of a personal conversation, a telephone call or a letter. *Id.* at 880.

■ Nothing in the record shows that the defendants offered any form of notice, formal or informal, to the plaintiff and/or this court regarding the frivolousness of some, if not all, of the plaintiff's constitutional claims until the defendants filed a motion for summary judgment eleven months after the plaintiff filed his complaint. Given the theories upon which the defendants based their motion for summary judgment, the defendants could have given notice not very long after the first reading of the plaintiff's complaint. After notice was given, and the plaintiff failed to withdraw the offending pleadings and claims, the plaintiff's complaint could have been assailed by a Rule 12(b)(6) [5] motion to dismiss the plaintiff's constitutional claims on the basis of the statute of limitations. Rapid action on this front could have focused the issues earlier in this litigation and could have reduced the plaintiff's claims significantly, thereby reducing the time the defendants were required to spend on this case. Therefore, this court finds that while notice was given to the plaintiff and this court of the defendants' intention to seek sanctions under Rule 11 when the defendants' motion for summary judgment was filed, that notice was not given as promptly as it could have been.

Additionally, the defendants responded fully to a purported motion for injunctive relief which was not filed with the Clerk of this

---

5. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that [e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim,, crossclaim, or third party claim, shall be asserted in the respon-

sive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
 (6) failure to state a claim upon which relief can be granted, . . .

court and was not presented in accordance with the Uniform Rules of this court. Rule 8(d) of the Uniform Local Rules of this court provides that at the time a motion is served counsel for the movant (in this case the plaintiff himself) shall mail to the Judge in charge of the case the original and one copy of a memorandum of authorities upon which he relies. Thereafter, according to Rule 8(d), a response to the motion and memorandum brief shall be submitted to the court within ten (10) days after service of the movant's memorandum. Inasmuch as the plaintiff had not submitted his motion for injunctive relief in accordance with the rules of this court, the defendants had no duty, technically speaking, to respond to the purported motion. A letter from the defendants to this court apprising the court of this circumstance would have been sufficient. A full response, together with the attendant research and expenditure of clerical resources, while undertaken in an abundance of caution, was not necessary under the circumstances which the plaintiff's purported motion was submitted.

Finally, this court is mindful of the plaintiff's claim to impecunious circumstances. In an affidavit filed in the instant case, the plaintiff claims to be indigent, being in possession of only $300.00 needed for other purposes. Of course, as the facts of this case have established, the plaintiff is the title holder of real estate which is not without value and which could serve as collateral for a substantial loan. Hence, this court cannot conclude that the plaintiff is indigent.

Therefore, in view of the foregoing, this court finds that the least severe sanction adequate to achieve the purpose of Rule 11 is an award of attorney fees in the amount of $1,800.00.

**SO ORDERED AND ADJUDGED.**