Carr, J.
In the construction of wills, we must always keep in mind, that the property is the testator’s own; that his control over it is only limited by the law; that he may give it in equal or unequal portions among his children, or disinherit, at his will or caprice, any or all of them. We are not to make up our opinion as to what seems to us a just distribution, and then bend the will to suit our own conceptions; but to ascertain from his words, the meaning of the testator, and make that our law, 'wherever it does not violate some rule of the general law. I make these remarks, because, at' the first blush of the case, I felt inclined (as I believe most persons would) to take sides with the widow and daughters of the son Thomas. It seemed hard,' that the misfortune of losing their husband and father, should cut them off from all share of the estate, because he died before his mother. A careful examination of the case, however, has compelled me to believe, that the testator has so willed it.
*17 In this will of Thomas Roney the elder, there are two purposes of the testátor very clearly expressed: 1. that his wife should have the use and profits of his whole estate not before disposed of, during her widowhood; 2. that when her right ceased, either by marriage or death, the land should be divided among the five sons whom he names, or so many of them as should be then living, and the personal estate among the nine children named, or so many of them as should be then living. It is contended, however, that by the words “ desiring that she shall share out such a part to each child, as they come of age, as shall seem most convenient” &c. the testator has created in each child a right to an equal portion of the personalty, vesting in each as he came of age, and which each at that age would have a right to call for: and a great many cases have been cited to shew that words of recommendation and desire amount to a bequest, and create a trust. There is no doubt that this is sound law. In Malim v. Keighley, 2 Ves. jun. 335. the master of the rolls lays it down thus broadly: “If a testator shews his desire that a thing shall be done, unless there are plain express words or necessary implication, that he does not mean to take away the discretion, but intends to leave it to be defeated, the party shall be considered as acting under a trust.” But here, I think, there are such words. We are always so to construe a will as to make all the words stand together, if possible, and to give every part of the will effect. If we say, that each child, as he came of age, had a vested right to take his share, and could instantly enforce that right, what becomes of that part of the will, which, in the most explicit terms, gives the whole to the wife during her widowhood? We expunge it. Again; what do we do with that part of it which says, that when the wife’s interest ends, the whole personalty shall be divided among the nine children, or so many of them, as shall be then living ? clearly *18 fixing the time of division, and making the share of . ° each depend upon the contingency of his surviving the mother. These words of contingency are twice repeated in the will; shewing a settled intention in the testator, both as regarded the realty and the personalty. Indeed, the whole scheme of the will, would, as it seems to me, be destroyed by this construction. It is not then to be tolerated, if by any other way we can preserve the scheme, and give a rational meaning to all the words ; and this (I think) is easy in the present case. The testator gives the whole to his wife; but it may well comport with this, that he should wish her, either from her profits, or by a loan of part of the slaves, to share out to each child, as he came of age, such part as might seem most convenient, to help him along; the property thus loaned, to be subject to division at her marriage or death, to and among such of the nine children as should be then living. This reconciles the whole will ; and this seems to have been the cotemporaneous understanding, for the weight of proof is that the son Thomas always considered that he held the slaves on loan.
Brockenbrough, J. and Tucker, P. concurred. Decree reversed; bill dismissed as to all the defendants, except the administrator of Rebecca Roney; and cause remanded for further proceedings against that defendant.