687 F.2d 129
 29 Fair Empl.Prac.Cas. 1662,
30 Empl. Prac. Dec. P 33,167
Michael E. SPIESS, Jack K. Hardy, and Benjamin F. Rountree,
Plaintiffs- Appellees,
v.
C. ITOH & COMPANY (AMERICA), INC., Defendant-Appellant.
 No. 79-2382.
 United States Court of Appeals,
Fifth Circuit.*
 Oct. 4, 1982.
As Amended Jan. 10, 1983.
 
 Fulbright & Jaworski, Joe P. Martin, Neil Martin, Nancy Morrison O'Connor, Houston, Tex., for defendant-appellant.
 Porter & Clements, Houston, Tex., Edward John O'Neill, Jr., Charles E. Humphrey, Jr., Houston, Tex., for plaintiffs-appellees.
 Lutz Alexander Prager, Marcia Beth Ruskin, E.E.O.C., Washington, D.C., for amicus curiae.
 Appeal from the United States District Court for the Southern District of Texas, Carl O. Bue, Jr., Judge.
 ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
 Before CLARK, Chief Judge, COLEMAN and REAVLEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 On June 21, 1982, the Supreme Court, --- U.S. ----, 102 S.Ct. 2951, 73 L.Ed.2d 1344, vacated the judgment of this court rendered April 24, 1981 643 F.2d 353 (5th Civ. 19810, and remanded this cause to this court for further consideration in light of Sumitomo Shoji America, Inc. v. Avagliano, 457 U.S. ----, 102 S.Ct. 2374, 72 L.Ed.2d 765 (1982). The appeal was reopened and the parties were directed to file memoranda stating their positions as to this court's further action in compliance with the Court's mandate. The parties urge this court to consider the remaining issues in the case. We decline to do so without first remanding the matter to the district court.
 
 
 2
 C. Itoh presents several grounds for its motion to dismiss. For example, it argues that it has standing to assert the substantive treaty rights of its parent company. Resolution of these remaining issues may involve several factual determinations that have not yet been made. Therefore, we have determined that no decision should be made by this court at this time. We remand the cause to the district court with directions to conduct further proceedings to finalize the action in light of the mandate of the Supreme Court.
 
 
 
 *
 Former Fifth Circuit case, Section 9(1) of Public Law 96-452-October 14, 1980