**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2015

No. 15-30308
Summary Calendar

Lyle W. Cayce
Clerk

_____

KENDRICKA SANDIFER,

      Plaintiff

v.

MARLIN N. GUSMAN, individually, and in his official capacity; LUCIEN JOSEPH, individually, and in his official capacity,

      Defendants - Appellees

JOHN COURTNEY WILSON,

      Appellant

-------------------------------------------

KENDRICA SANDIFER,

      Plaintiff

v.

MARLIN N. GUSMAN, Sheriff Orleans Parish,

      Defendant - Appellee

JOHN COURTNEY WILSON,

      Appellant

-------------------------------------------

KENDRICA SANDIFER,

No. 15-30308

        Plaintiff

v.

MARLIN N. GUSMAN, Sheriff Orleans Parish; MELVIN HOWARD, Major,
in his individual capacity,

            Defendants - Appellees

JOHN COURTNEY WILSON,

            Appellant

———————————————

Appeals from the United States District Court
for the Eastern District of Louisiana
Nos. 2:11-CV-1798, 2:12-CV-2988, 2:13-CV-259

———————————————

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

        Appellant John Courtney Wilson attempted to represent Plaintiff
Kendrica Sandifer in multiple suits brought against members of the Orleans
Parish Sheriff's Office.  The district court denied Wilson's motion to enroll as
co-counsel in the original suit and later sanctioned Wilson for violating court
orders after Wilson subsequently enrolled as co-counsel in several related
suits.  On appeal, Wilson challenges the district court's orders denying the
motion and sanctioning Wilson.  For the following reasons, we AFFIRM the
orders of the district court.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

2

No. 15-30308

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On July 25, 2011, Kendrica Sandifer filed a complaint—before district court judge Carl J. Barbier—alleging violations of Louisiana and federal law, including a Title VII sexual harassment claim, against several members of the Orleans Parish Sheriff's Office in their individual and official capacities (*Sandifer I*).     During this (and subsequent) proceedings, Sandifer was represented by attorney Jerry Settle.  Trial in *Sandifer I* was ultimately set for November 13, 2012.

On September 14, 2012, Defendants moved for summary judgment.  On September 16, 2012, Sandifer moved to enroll John Courtney Wilson as co-counsel in order to assist Settle with his "first federal matter."  The district court denied the motion to enroll, noting that Wilson "ha[d] apprised the Court that he has a conflict with the current trial date."  The trial was subsequently continued until June 10, 2013, for an unrelated reason, and on October 19, 2012, Sandifer again moved to enroll Wilson as co-counsel.  The district court denied the second motion "[b]ased on the Court's previous experience with Mr. Wilson, and Mr. Wilson's candid admission to the Court in a similar matter that he is not competent."  On December 14, 2012, the district court dismissed without prejudice Sandifer's Title VII claim in order for her to exhaust her administrative remedies and to receive a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC).  All of the other claims were dismissed with prejudice.

On December 17, 2012, Wilson and Settle, jointly listed as counsels for Sandifer, filed a new complaint—before district court judge Ivan L.R. Lemelle—alleging Sandifer's sexual harassment claim and attached the EEOC right-to-sue letter (*Sandifer II*).  The civil cover sheet noted that the complaint was related to *Sandifer I*, and *Sandifer II* was transferred to district court

judge Barbier who had presided over *Sandifer I*.  The district court ordered Wilson to show cause for why he should not have been sanctioned for disregarding the court's previous order in *Sandifer I*.  At the show cause hearing, Wilson stated that he filed the complaint because of an impending filing deadline and because he was unable to contact Settle.  Expressing concern that Wilson was attempting an "end run around [the *Sandifer I* order denying Wilson's motion to enroll as co-counsel] by filing another suit," the district court ordered that Wilson be stricken from the record as counsel for Sandifer but did not impose a monetary sanction.[1]

On February 11, 2013, Settle filed Sandifer's third complaint—before district court judge Lemelle—alleging retaliatory discharge from her employment with the Sheriff's Office (*Sandifer III*).  The civil cover sheet noted that *Sandifer III* related to both *Sandifer I* and *Sandifer II*.  On September 7, 2013, Wilson moved to enroll as co-counsel for *Sandifer III*, and a magistrate judge granted the motion.  Because it involved similar subject matter as *Sandifer I* and *Sandifer II*, *Sandifer III* was subsequently transferred to district court judge Barbier who had presided over *Sandifer I* and *Sandifer II*.  The district court thereafter consolidated all three cases.

On December 17, 2013, the district court ordered Wilson to show cause "why [he] should not be sanctioned and terminated from the case for disregarding the Court's orders in [*Sandifer I*] and [*Sandifer II*]."  Wilson stated that he did not intentionally disregard the court's order because he presumed a decision had been made not to transfer it to the original district court judge and offered to withdraw to cure the problem.  At the show cause hearing on January 15, 2014, the district court noted that *Sandifer III* was

---

[1] Wilson filed petitions for writs of mandamus in the Fifth Circuit from *Sandifer I* and *Sandifer II*, both of which were denied.

originally "marked deficient by the clerk's office" because Wilson had submitted the complaint with only Settle's signature. The district court also noted that the *Sandifer III* complaint, while signed and submitted by Settle, was written by Wilson. Wilson stated that he "didn't sign the original pleading" because "[he] anticipated this matter would be transferred to [this] court." During the hearing, the district court accepted Wilson's oral motion to withdraw as counsel of record. The district court also found that Wilson had "blatantly violated previous orders of this court" and that Wilson had violated his duty of candor.[2] The district court ordered that Wilson was prohibited from drafting documents or acting as a "de facto" attorney for Sandifer and imposed a monetary sanction of $1,000 on Wilson.[3]

On March 3, 2015, the district court entered final judgment in favor of Defendants after a bench trial. On April 2, 2015, Wilson appealed the order denying his motion to enroll in *Sandifer I*, the order striking him as the attorney of record pursuant to the show cause order in *Sandifer II*, and the order finding that Wilson violated past orders and his duty of candor and sanctioning Wilson $1,000 in *Sandifer III*.

## II.    *SANDIFER I* MOTION AND *SANDIFER II* SANCTION

On appeal, Wilson alleges that the district court committed three errors: (1) denying Wilson's motion to enroll as co-counsel in *Sandifer I*; (2) striking Wilson as co-counsel in *Sandifer II*; and (3) sanctioning Wilson $1,000 for violating his duty of candor and for violating previous orders of the district

---

[2] The district court noted at the hearing that Wilson had discussed with a magistrate judge about scheduling a settlement conference in *Sandifer III*, but during that discussion, Wilson had not informed the magistrate judge regarding the previous *Sandifer* matters or Wilson's removal from those matters.

[3] On July 10, 2014, the district court granted Sandifer's motion to discharge Settle as her attorney and granted the motion to enroll Randy Dukes as the counsel of record. Dukes represented Sandifer through the remainder of the consolidated action.

court in *Sandifer III*.  However, Wilson fails to adequately brief the first two issues in his initial brief.  Wilson only cursorily references two authorities in support of his argument on the first issue and fails to identify relevant authority supporting the majority of his conclusory arguments.  *See United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010) (stating that "[it] is not enough to merely mention or allude to a legal theory," but that a party must "clearly identify[]" its theory and identify the relevant authorities supporting that theory); Fed. R. App. P. 28(a)(8)(A) (requiring the initial brief to contain "[Wilson's] contentions and reasons for them, with citations to the authorities and parts of the record on which [Wilson] relies").  Moreover, Wilson fails to reference *any* authority supporting his arguments on the second issue.  *See In re Bouchie*, 324 F.3d 780, 786 (5th Cir. 2003) ("As [appellant] cites no authority for this proposition, it is not adequately briefed and is therefore waived.").  Wilson has therefore waived these issues on appeal.  *Scroggins*, 599 F.3d at 446.[4]

## III.   *SANDIFER III* SANCTION

The only issue adequately briefed on appeal is the third issue: whether the district court erred in sanctioning Wilson, including a $1,000 monetary sanction, for his actions relating to *Sandifer III*.  As Wilson correctly notes, it appears the district court exercised its inherent authority in sanctioning him.  *See Blanco River, L.L.C. v. Green*, 457 F. App'x 431, 438 (5th Cir. 2012) (per curiam) (unpublished) (analyzing the sanctions as "imposed pursuant to the

---

[4] Considering Wilson does not appeal the district court's final judgment dismissing with prejudice Sandifer's underlying consolidated action, the first two issues are also mooted because there is no longer a "live" issue regarding Wilson's enrollment as co-counsel. *See Fla. Bd. of Bus. Regulation v. NLRB*, 605 F.2d 916, 918 (5th Cir. 1979) ("An action becomes moot when 'the issues presented are no longer "live" or the parties lack a legal cognizable interest in the outcome.'" (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969))).  Moreover, Wilson fails to cite any authority for his argument that the alleged invalidity of the *Sandifer I* order affects our analysis of the *Sandifer III* sanction.  *See In re Bouchie*, 324 F.3d at 786.

court's inherent authority" when the record indicated that Federal Rule of Civil Procedure 11 was not the basis for the sanctions). "We review sanctions imposed under a court's inherent authority for abuse of discretion." *Elliott v. Tilton*, 64 F.3d 213, 217 (5th Cir. 1995).

As the Supreme Court has recognized, such inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). "A court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees." *Id.* at 50. Here, the district court complied with due process because it ordered Wilson to show cause why he should not be sanctioned for disregarding previous orders, allowed Wilson to file a response, and held a hearing before sanctioning Wilson.[5] *See Am. Airlines, Inc. v. Allied Pilots Ass'n*, 968 F.2d 523, 530 (5th Cir. 1992) ("[Due process] requires adequate notice and an opportunity to be heard."); *see also Hazeur v. Keller Indus.*, No. 92-3488, 1993 WL 14973, at *6 (5th Cir. Jan. 11, 1993) (per curiam) (unpublished) (holding that due process rights were not violated by the district court failing to expressly articulate that it was imposing sanctions pursuant to its inherent power).

"In order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in 'bad faith.'" *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995); *see also*

---

[5] Because the district court did not abuse its discretion in sanctioning Wilson for violating past orders, we need not address whether the district court provided improper notice of its alternative reason for imposing sanctions, Wilson's alleged violation of the duty of candor.

*In re Yorkshire, LLC*, 540 F.3d 328, 332 (5th Cir. 2008).  However, "[w]hen bad faith is patent from the record and specific findings are unnecessary to understand the misconduct giving rise to the sanction, the necessary finding of 'bad faith' may be inferred."  *Blanco River*, 457 F. App'x at 438–39 (quoting *In re Sealed Appellant*, 194 F.3d 666, 671 (5th Cir. 1999)).  "A court abuses its discretion when its finding of bad faith is based on an erroneous view of the law or a clearly erroneous assessment of the evidence."  *Crowe v. Smith*, 261 F.3d 558, 563 (5th Cir. 2001).  If the district court applied the correct legal standard in making the finding, then the finding will not be set aside unless "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  Accordingly, "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently."  *Anderson*, 470 U.S. at 573–74.

Here, we cannot say the district court abused its discretion in sanctioning Wilson for violating the court's previous orders.  Violating those orders constitutes bad faith.  *See Chambers*, 501 U.S. at 57 ("As long as the party receives an appropriate hearing, . . . the party may be sanctioned for abuses of process occurring beyond the courtroom, such as disobeying the court's orders." (citation omitted)).  And based on the record as a whole, we cannot say that the district court made a mistake in finding that Wilson violated those orders.  Indeed, while Wilson contends that "[t]here was no knowledge on [his part] that enrolling in [*Sandifer III*] when it was pending before another [judge of the district court] was not authorized," the district court had already admonished Wilson for a similar act in *Sandifer II*.  After

Wilson filed *Sandifer II*—noting in the civil cover sheet that *Sandifer I* was related—*Sandifer II* was transferred to the district court judge that presided over *Sandifer I*. The district court then struck Wilson from the record as counsel in *Sandifer II*, expressly stating that "it appears to [the district court] that [Wilson] clearly attempted to and did make an end run around [the *Sandifer I* order] by filing another suit." Subsequently, Wilson attempted to obscure his involvement by filing *Sandifer III* with the complaint signed only by Settle, but the complaint "was marked deficient" because it was signed and filed by different attorneys. Settle re-filed *Sandifer III*, and Wilson then moved to enroll as co-counsel when "[Wilson] presumed that there had been a decision made not to transfer it [to the district court judge that handled the previous actions]." Each of Sandifer's actions involved related claims by Sandifer arising out of her previous employment with the Sheriff's Office, and the district court ultimately required Settle to file a consolidated complaint. Based on the record as a whole, "the district court's account of the evidence is plausible," *Anderson*, 470 U.S. at 573–74, and therefore the court did not abuse its discretion in sanctioning Wilson for his bad faith in violating the past orders.[6]

Moreover, the *Sandifer III* sanction is appropriate in scope. "[T]he sanctioning court must use the least restrictive sanction necessary to deter the inappropriate behavior." *In re First City Bancorportion of Tex. Inc.*, 282 F.3d 864, 867 (5th Cir. 2002). Here, the district court had already sanctioned Wilson in *Sandifer II* for violating a previous order by striking Wilson as counsel of record for *Sandifer II*. Because striking Wilson as counsel was not sufficient

---

[6] In his reply brief, Wilson contends for the first time that the *Sandifer III* sanctions should be vacated because of the alleged invalidity of the *Sandifer I* order. However, "[a]rguments raised for the first time in a reply brief are waived." *Dixon v. Toyota Motor Credit Corp.*, 794 F.3d 507, 508 (5th Cir. 2015).

to deter Wilson from violating the district court's orders, the court did not abuse its discretion in imposing an additional monetary sanction of $1,000 when Wilson undertook similar behavior in *Sandifer III*. *See Bancorporation*, 282 F.3d at 867 (holding that the bankruptcy court did not abuse its discretion in imposing a monetary sanction of $25,000 after counsel disregarded the court's previous admonishments). Moreover, considering Wilson attempted to obfuscate his involvement in *Sandifer III* by originally filing the complaint with Settle's signature, the district court did not abuse its discretion in further prohibiting Wilson "from drafting documents in this case and from acting as a de facto attorney for [Sandifer]." *See Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996) (requiring the court to use "less restrictive measure[s]" only "[i]f there is a reasonable probability that a lesser sanction will have the desired effect"). Thus, the district court did not abuse its discretion by sanctioning Wilson for violating the court's previous orders.

## IV.   CONCLUSION

For the foregoing reasons, we AFFIRM the orders of the district court.